UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY J. BENNETT,<br><br>      Petitioner,<br>vs.<br><br>BENEDETTI, *et al.*,<br><br>      Respondents. | 3:10-cv-00159-RCJ-VPC<br><br>**ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 14.) Petitioner has opposed the motion (ECF No. 23), and respondents have replied (ECF No. 24). After a thorough review, the court grants the motion.

**I.     Procedural History and Background**

On December 8, 2004, a grand jury in the State of Nevada returned an indictment in the Second Judicial District Court for the State of the Nevada ("District Court") charging Petitioner, Gregory James Bennett, and his co-defendants with 27 counts. (Exhibits to Mot. to Dismiss Ex. 3, ECF No. 15.)[1] After proceeding to jury trial for three days, petitioner entered into a guilty plea agreement with the state on September 25, 2005. (*Id.* Ex. 33.) Under the agreement, petitioner agreed to plead guilty to eight counts of obtaining and/or using the personal identification information of another; two counts of burglary; one count of possession of a credit card without consent; two counts of possession of a forged instrument;

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 15-18, which were filed with respondents' motion to dismiss.

and one count of possession of a visual representation depicting sexual conduct of a person under 16 years of age. (*Id.* Ex. 32.)

Petitioner later moved to withdraw his guilty plea. (*Id.* Ex. 34, 35.) After holding a hearing on the motion, the District Court denied petitioner's motion to withdraw his plea. (*Id.* Ex. 38, 41.) The District Court sentenced petitioner to 32 to 144 months on each count of obtaining and/or using the personal identification information of another, to be served consecutively; 16 to 72 months on each count of burglary, to be served concurrently; 12 to 34 months on the one count of possession of a credit card without consent, to be served consecutively; 12 to 32 months on each count of possession of a forged instrument, to be served concurrently; and 12 to 48 months on the one count of possession of a visual representation depicting sexual conduct of a person under 16 years of age, to be served consecutively. (*Id.* Ex. 42.) Petitioner appealed. (*Id.* Ex. 43.) On September 12, 2006, the Nevada Supreme Court affirmed petitioner's convictions. (*Id.* Ex. 67.)

Before appealing his conviction, petitioner filed his first post-conviction petition in District Court on January 31, 2006. (*Id.* Ex. 40.) On April 12, 2006, petitioner filed a petition for writ of mandamus in the Nevada Supreme Court due to his first post-conviction petition continuing to remain pending in District Court. (*Id.* Ex. 52.) On May 25, 2006, the Nevada Supreme Court denied the petition for writ of mandamus. (*Id.* Ex. 57.)

On August 28, 2006, petitioner filed his second post-conviction petition in District Court. (*Id.* Ex. 66A.) Petitioner filed a supplemental petition on July 7, 2008. (*Id.* Ex. 78A.) On November 4, 2008, the District Court denied all grounds in the petition except for the ground concerning ineffective assistance of counsel. (*Id.* Ex. 81.) After holding an evidentiary hearing, the District Court denied the remaining ground for relief. (*Id.* Ex. 86, 87.) Petitioner appealed to the Nevada Supreme Court. (*Id.* Ex. 88.) On April 7, 2010, the Nevada Supreme Court affirmed the District Court's decision. (*Id.* Ex. 117.)

Petitioner dispatched his federal petition for writ of habeas corpus to this court on June 14, 2010. (ECF No. 1.) Respondents move to dismiss several grounds in the petition because they are unexhausted

or are not cognizable in a federal habeas petition.

## II.    Exhaustion

Respondents move to dismiss grounds 1(a)-(c), 1(f), 1(h)-(k), 2(a)-(g), 2(i)-(o), 2(s), and 3 as unexhausted because these grounds have never been addressed by the Nevada Supreme Court.

In response, petitioner concedes that several grounds are unexhausted but argues that some of the grounds are exhausted.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195

F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

A. Grounds 1(b), 2(a)-(g), 2(i)-(o), 2(s), and 3

Petitioner concedes that ground 1(b) is unexhausted and withdraws it. Additionally, petitioner states that grounds 1(i), 1(j), and 1(k) are not presented as grounds for relief and waives them. Accordingly, the court dismisses grounds 1(b), 1(i), 1(j), and 1(k) with prejudice.

With respect to ground 2, petitioner states that even though he does not accept respondents' argument, he does agree that "a vast majority of the claims are not properly exhausted." The court's review of the record confirms that grounds 2(a)-(g), 2(i)-(o), and 2(s) are unexhausted. Therefore, the court grants respondents' motion to dismiss grounds 2(a)-(g), 2(i)-(o), and 2(s) as unexhausted.

With respect to ground 3, petitioner states that ground 3 is "not fully exhausted." Petitioner is correct. Therefore, the court grants respondents' motion to dismiss ground 3 as unexhausted.

B. Grounds 1(a), 1(c), 1(h), 1(f)

In ground 1(a), petitioner claims that his constitutional rights were violated because police officers and the prosecutor knowingly relied on false information provided by an unreliable source to obtain a search and arrest warrant. In his opposition to respondents' motion to dismiss, petitioner provides further support to his claim and states that it is exhausted, but he does not specifically point to argument presented to the Nevada Supreme Court to show that it is exhausted. Petitioner does cite to

page 7 of his fast track statement submitted to the Nevada Supreme Court on appeal from the district court's denial of his post-conviction petition. However, this page is part of the statement of facts and fails to demonstrate that ground 1(a) was fairly presented to the Nevada Supreme Court.

In ground 1(c) petitioner claims that his constitutional rights were violated because the evidence used to convict him should have been suppressed as fruit of the poisonous tree. Petitioner argues that this claim was exhausted in his fast track statement submitted to the Nevada Supreme Court on appeal from the district court's denial of his post-conviction petition. The argument petitioner presented to the Nevada Supreme Court, however, concerned a claim of ineffective assistance of counsel based on counsel's failure to file a motion to suppress. Petitioner's claim in ground 1(c) rests on a different legal theory and is, therefore, unexhausted.

In ground 1(h), petitioner claims that appellate counsel was ineffective for failing to raise trial counsel's failure to file a motion to suppress. Petitioner does not present argument pertaining to this claim, and the record shows that this claim is unexhausted.

In ground 1(f), petitioner claims that trial counsel was ineffective for failing to file a motion to withdraw the guilty plea. Petitioner argues that this claim was exhausted in his fast track statement submitted to the Nevada Supreme Court on appeal from the district court's denial of his post-conviction petition. The court's review of the fast track statement, however, shows that this claim was not properly presented to the Nevada Supreme Court.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that grounds 1(a), 1(c), 1(f), 1(h), 2(a)-(g), 2(i)-(o), 2(s) and 3 are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

dismissal. *Id.* In the instant case, the court finds that grounds 1(a), 1(c), 1(f), 1(h), 2(a)-(g), 2(i)-(o), 2(s) and 3 are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[2]

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 14) is **GRANTED**. Grounds 1(a), 1(c), 1(f), 1(h), 2(a)-(g), 2(i)-(o), 2(s) and 3 are unexhausted.

**IT IS FURTHER ORDERED** that grounds 1(b), 1(i), 1(j), and 1(k) are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform

---

[2] The court notes that petitioner requests a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), in his opposition to respondents' motion to dismiss. Because petitioner must make a showing that "good cause" justifies a stay and abeyance under *Rhines*, the court denies petitioner's request without prejudice at this time so that he may tailor his argument for a stay, if he chooses to make one, to the unexhausted claims identified in this order.

6

1  appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

2  **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 15th _ day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE