# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY J. BENNETT,

    Petitioner,

vs.

BENEDETTI, et al.,

    Respondents.

Case No. 3:10-cv-00159-RCJ-VPC

**ORDER**

    The court granted respondents' motion to dismiss (#14), finding that petitioner had not exhausted his available state-court remedies for all grounds, and the court directed petitioner to declare what he wanted to do with the unexhausted grounds. Order (#28). Petitioner has filed a motion for stay and abeyance (#30), respondents have filed an opposition (#31), and petitioner has filed a reply (#32). The court finds that a stay is not warranted in this action, and the court denies petitioner's motion (#30).

    In the case of a mixed petition, which contains both exhausted and unexhausted grounds, the court has discretion to stay the action while the petitioner returns to state court to exhaust all his grounds for relief. The petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

    Petitioner's argument for good cause is that his attorney in his first state habeas corpus petition failed to raise all the grounds that should have been raised. Petitioner is asking this court to

expand upon the holding of the Supreme Court in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012).  In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a <u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320 (emphasis added).  Procedural default is not the issue now.  Rather, the failure to exhaust is the issue.  Procedural default might become an issue if the state courts do not consider the unexhausted grounds for state-law reasons, and then <u>Martinez v. Ryan</u> might apply, but such a determination now would be premature.  Petitioner has not demonstrated good cause for the failure to exhaust.

      Furthermore, only one of the unexhausted grounds has any potential merit.  Ground 1(f) is a claim that trial counsel failed to pursue a motion to withdraw petitioner's guilty plea, but counsel actually did file a motion to withdraw the plea.  <u>See</u> Ex. 34 (#16).  Ground 1(h) is a claim that appellate counsel failed to raise on direct appeal trial counsel's failure to file a motion to suppress, but in Nevada a claim of ineffective assistance of counsel may not be raised on direct appeal.  <u>Gibbons v. State</u>, 634 P.2d 1214 (Nev. 1981).  In ground 2(m), petitioner claims that the grand jury proceedings were illegal because the prosecution initially commenced criminal proceedings against him through the process of a criminal complaint.  For the purposes of the prohibition against double jeopardy, the ground lacks merit because jeopardy attaches when the jury is empaneled and sworn.  <u>Crist v. Bretz</u>, 437 U.S. 28, 38 (1978).  To the extent that petitioner is claiming that the state court lacked jurisdiction to hear his claim, he is incorrect.  Nevada law does not bar the prosecution from proceeding with both a criminal complaint and a grand jury hearing, and then dropping one of those proceedings. "[D]ual proceedings for the same offenses are proper, and the State may elect to proceed on one of two pending proceedings and dismiss the proceeding under which it has elected not to prosecute without running afoul of NRS 178.562(1)." <u>Thompson v. State</u>, 125 Nev. 807, 812, 221 P.3d 708, 712 (Nev. 2009).  In ground 2(o), petitioner claims that his trial counsel was colluding with the prosecution to coerce petitioner into pleading guilty.  Petitioner's basis for this claim is that counsel would not file the motions that petitioner wanted him to file, and his

conclusions are mere speculation without any evidence of actual collusion.  The rest of the unexhausted claims are not addressable in federal habeas corpus:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  The unexhausted claims not already described above all refer to events that preceded petitioner's guilty plea and have nothing to do with the voluntariness of the plea.  Consequently, they have no potential merit.

The only claim that might have merit is ground 2(s), in which petitioner claims that the cumulative effect of counsel's actions amounted to ineffective assistance.  Given that only four other claims of ineffective assistance remain in ground 2, the court can address those individually if petitioner chooses to dismiss the unexhausted grounds.

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance (#30) is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss the unexhausted grounds of his petition (#6), and proceed only on the remaining grounds for relief, or (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#6) to return to state court to exhaust his state remedies with respect to the claims set out in the unexhausted grounds of his petition (#6).  Failure to comply will result in the dismissal of this action.

///
///
///
///
///
///

1  IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds
2 of his petition (#6) and proceed on the remaining grounds, respondents shall file and serve an
3 answer to the remaining grounds within thirty (30) days after petitioner serves his declaration
4 dismissing those grounds.  The answer shall comply with Rule 5 of the Rules Governing Section
5 2254 Cases in the United States District Courts.  Petitioner then shall have thirty (30) days from the
6 date on which the answer is served to file and serve a reply.
7  Dated: This 7th day of March, 2013.

_____
ROBERT C. JONES
Chief United States District Judge