

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY J. BENNETT,

    Petitioner,

vs.

BENEDETTI, et al.,

    Respondents.

Case No. 3:10-cv-00159-RCJ-VPC

**ORDER**

Before the court are petitioner's motion for reconsideration (#35) of the court's order (#34) denying a stay of the action, respondents' opposition (#36), and petitioner's reply (#37). The court denies petitioner's motion.

The court denied petitioner's motion for stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (#30) for two reasons. First, petitioner's argument that state post-conviction counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel was premature. That argument applies only to procedural default and not to the lack of exhaustion. <u>See Martinez v. Ryan</u>, 132 S. Ct. 1309, 1320 (2012). Second, the only unexhausted ground that had any potential merit was a claim of cumulative error of ineffective assistance of counsel. There were so few exhausted claims of ineffective assistance of counsel that the court could address them individually.

Petitioner's argument that he is proceeding in state court with a second or successive post-conviction petition, and that the Nevada Supreme Court will find that petition to be procedurally barred, is still premature. The cause-and-prejudice standard that petitioner needs to satisfy to

1 | proceed with a second or successive petition in state court is high, but this court will not usurp the
2 | ultimate decision of the Nevada Supreme Court.
3 |     Petitioner also still has not demonstrated that the unexhausted grounds have any potential
4 | merit. Petitioner does not discuss at all the court's findings regarding grounds 1(f) and 2(o),
5 | contained in the court's prior order (#34) at 1-2. Petitioner admits that ground 1(h), that appellate
6 | counsel failed to raise an issue of ineffective assistance of trial counsel, lacks merit because in
7 | Nevada claims of ineffective assistance of counsel must be raised in a post-conviction habeas corpus
8 | petition. The court found that ground 2(m) had no potential merit because federal law has nothing
9 | to say on a state using parallel proceedings through the grand jury and through a criminal complaint
10 | to bring criminal charges against petitioner. Petitioner disagrees, but he cites no authority that
11 | contradicts the court's ruling. Finally, the court found that the bulk of petitioner's unexhausted
12 | claims were barred by his guilty plea, pursuant to Tollett v. Henderson, 411 U.S. 258, 267 (1973).
13 | Petitioner argues that the facts of those grounds show why he suddenly pleaded guilty on the second
14 | day of the trial. However, petitioner has presented other grounds that his guilty plea was coerced,
15 | involuntary, and unknowing. Even if the court were to accept petitioner's argument, it still would
16 | dismiss the grounds because they would be redundant.
17 |     IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#35) is
18 | **DENIED**.
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

      IT IS FURTHER ORDERED that petitioner shall have fourteen (14) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss the unexhausted grounds of his petition (#6), and proceed only on the remaining grounds for relief, or (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#6) to return to state court to exhaust his state remedies with respect to the claims set out in the unexhausted grounds of his petition (#6). Failure to comply will result in the dismissal of this action. No requests for extension of time will be granted.

      Dated:   May 17, 2013.

                                              ROBERT C. JONES  
                                              Chief United States District Judge