# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY J. BENNETT,

    Petitioner,

vs.

BENEDETTI, et al.,

    Respondents.

Case No. 3:10-cv-00159-RCJ-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6), respondents' answer (#40), and petitioner's reply (#48). The court finds that relief is not warranted, and the court denies the petition.

    Petitioner was charged with eight counts of obtaining and/or using the personal identification of another, two counts of burglary, one count of possession of a credit card without consent, two counts of possession of a forged instrument, and seven counts of possession of visual presentation depicting sexual conduct of a person under sixteen years of age. Ex. 3 (#15). The criminal case had three other defendants: David Cortner, Tony Harry, and Robyn Martin, petitioner's wife. Cortner and Harry pleaded guilty before trial. Petitioner and Martin went to trial. On the second day of trial, petitioner and Martin accepted an agreement to plead guilty. Ultimately, petitioner was convicted of seven counts of obtaining and/or using the personal identification of another, two counts of burglary, one count of possession of a credit card without consent, two counts of possession of a forged instrument, and one count of possession of visual presentation depicting

sexual conduct of a person under sixteen years of age. Ex. 42 (#16). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 70 (#17).

Prior to the Nevada Supreme Court's decision on direct appeal, petitioner filed in state district court a post-conviction habeas corpus petition. Ex. 66A (#17). The state district court appointed counsel, who filed a supplemental petition. Ex. 78A (#17). The state district court denied most of petitioner's grounds for relief; it decided to hold a hearing on petitioner's claims for ineffective assistance of appellate counsel. Ex. 81 (#17). The state district court then held the hearing on petitioner's remaining claims, as well as the post-conviction claims of petitioner's co-defendants. Ex. 86 (#17). The state district court then denied petitioner's remaining claim for relief. Ex. 87 (#17). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 117 (#18).

Petitioner then commenced this action. The court found that petitioner had not exhausted his state-court remedies for most of his grounds. Order (#28). The court denied petitioner's motion for a stay because only one of the unexhausted grounds had any potential merit. The ground with potential merit was a claim of cumulative error of ineffective assistance of counsel; however, there were so few remaining claims of ineffective assistance that the cumulative-error claim effectively collapsed into the other claims. Order (#34). Respondents then filed an answer (#40), and petitioner filed a reply (#48).

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

All of petitioner's remaining claims involve the effectiveness of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

-3-

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

-4-

Two separate attorneys represented petitioner at different times through his direct appeal. Bruce Voorhees represented petitioner from pre-trial proceedings through petitioner's plea of guilty. Michael Roth represented petitioner at the hearing on the motion to withdraw the plea, at sentencing, and on direct appeal.

In ground 1(d), 2(h), and part of 2(q),[1] petitioner claims that his trial counsel, Bruce Voorhees, provided ineffective assistance because counsel would not file a motion to suppress evidence found pursuant to search warrants. Ground 1(e) is a claim that Voorhees provided ineffective assistance because he advised petitioner to plead guilty to charges that would have been dismissed had Voorhees filed a motion to suppress. Petitioner bases his argument on the admission of Michelle Weaver that she had lied to a detective before giving him the information that led to the search warrants.

Petitioner's raised the same claim in ground 2 of his state habeas corpus petition. His allegations were, in relevant part, "6th Amendment USCA ineffective assistance of counsel with prejudice upon the facts alleged in Ground One above incorporated to this Ground Two, <u>along with Counsel's blatant refusal to challenge illegal search & seizure</u>, . . . ." Ex. 66A, at 2 (emphasis added) (#17). Ground 1 of the state habeas corpus petition contained no facts related to a motion to suppress. In the supplemental petition, petitioner alleged simply that Voorhees was ineffective because he would not file a motion to suppress. Nowhere in either petition did petitioner allege any facts as to why Voorhees should have filed a motion to suppress or how petitioner suffered prejudice from the lack of a motion to suppress. The state district court held:

> Ground two also failed to allege specific facts. The claim fails to provide facts showing how challenging search and seizure would have changed the result. Similarly, Petitioner fails to show how denial of the preliminary examination or arguing mitigating facts at sentencing would have changed the result. Petitioner has failed to show any prejudice with respect to this claim.

Ex. 87, at 8 (#17). The Nevada Supreme Court affirmed for the same reason:

> When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous, but review the court's application of the law to those facts de novo. . . .

---

[1]The court has used, and continues to use, respondents' designations of the grounds.

>Here, the district court found that Bennett's claims "all include conclusory statements, lack specificity and fail to show prejudice or are repelled by the record," and therefore, did not warrant an evidentiary hearing. . . . The district court's findings are supported by substantial evidence and are not clearly wrong, and Bennett has not demonstrated that the district court erred as a matter of law. Because Bennett has failed to demonstrate error or prejudice, we reject his claim of cumulative error. Therefore, we conclude that Bennett is not entitled to relief . . . .

Ex. 117, at 1-2 (#18) (citations omitted).[2] As noted above, Strickland requires petitioner to allege facts that could show that Voorhees performed deficiently and that petitioner suffered prejudice from that deficient performance. Petitioner made no such allegations in his state habeas corpus petition. Consequently, the determination that he failed to allege specific facts was reasonable in light of the lack of evidence presented. 28 U.S.C. § 2254(d).[3] Grounds 1(d), 1(e), 2(h), and the relevant part of 2(q) are without merit.

Ground 1(g) is a claim that appellate counsel, Michael Roth, provided ineffective assistance because Roth would not raise the issue of the search warrant on direct appeal.[4] Petitioner raised the

---

[2]This was the Nevada Supreme Court's decision on all grounds that petitioner had presented to the state district court.

[3]At a hearing before the trial started, petitioner complained that Voorhees did not file a motion to suppress. The prosecutor made a record of the very specific information that Michelle Weaver provided the detective about the fraudulent documents that she had seen in petitioner's residence, the equipment that petitioner used to make those documents, and the room in the house where that equipment was. Weaver also identified petitioner's van when she went with the detective to observe petitioner's residence. Around a month before her arrest, she heard co-defendant Martin say that they were manufacturing or capable of manufacturing fraudulent driver's licenses and checks. Ex. 30A, at 7-8, 13-14 (#16). That information was the basis of a warrant to search petitioner's residence. Petitioner then did not do himself any favors when he arrived in his van during the execution of the warrant and directed the detective to a fraudulent identification and a forged check in the van. Id., at 9. Petitioner's own activities led to a search warrant for the van, which revealed even more evidence of crimes. Id., at 9-10. Voorhees consulted with the attorney for the three other defendants, and they all concluded that a motion to suppress had no likelihood of success. Id., at 12-13.
Petitioner did not present any of these facts to the state district court in his post-conviction habeas corpus petition, nor did he even refer to the transcript of the hearing. Nevada's post-conviction habeas corpus procedures, like federal habeas corpus procedures, require petitioner to allege all relevant facts in the body of the petition itself. Nonetheless, if the state courts did consider the totality of the circumstances surrounding the issuance of the warrants, they reasonably could have concluded that Voorhees' decision not to file a motion to suppress was not deficient performance. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

[4]To the extent that petitioner claims in ground 1(g) that Roth should have raised on direct appeal a claim that Voorhees provided ineffective assistance, the claim is without merit. Nevada requires a claim of ineffective assistance of counsel to be raised in a habeas corpus petition, not on direct appeal. Gibbons v. State, 634 P.2d 1214 (Nev. 1981).

-6-

same claim as part of ground 4 of his state habeas corpus petition. Ex. 66A, at 2 (#17). The state district court held:

> Ground four concerns the ineffective assistance of counsel on appeal by not arguing the previous grounds. Since those grounds are insufficient and without merit, Petitioner is not entitled to a hearing on this ground either. . . .

Ex. 87, at 9 (#17-33). The Nevada Supreme Court affirmed this decision. Ex. 117, at 1-2 (#18). This was a reasonable application of Strickland for the same reasons why the decision on the trial-counsel claim was reasonable. 28 U.S.C. § 2254(d)(1). Petitioner alleged no facts in state court indicating why counsel performed deficiently or how he was prejudiced. Such allegations are essential for a claim of ineffective assistance of counsel. Ground 1(g) is without merit.

Ground 2(p) is a claim that Bruce Voorhees, his trial counsel, and Steve Sexton, co-defendant Martin's counsel, coerced him into pleading guilty. A defendant's guilty plea must be entered knowingly and voluntarily, and the court record must reflect that fact. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Petitioner alleges that after the second day of the trial, Voorhees and Sexton told petitioner that if he pleaded guilty to the charges in the agreement, he would receive concurrent sentences and his wife would be released from custody. Petitioner claims that he pleaded guilty on those assurances. Before sentencing, petitioner moved to withdraw his plea because the prosecution had not upheld its end of the bargain. Roth now represented petitioner. The state district court held a hearing on the matter, including testimony from petitioner, Voorhees, and Sexton. The judge determined that he did not believe petitioner. Ex. 41B, at 97-98 (#16). Petitioner raised the issue on direct appeal, and the Nevada Supreme Court held:

> During the canvass, Bennett informed the district court that he had read and understood the plea agreement, that he had signed the plea agreement, and that he believed that entering a plea pursuant to the agreement was in his best interest. Bennett informed the district court he had no questions about the agreement, and was entering the agreement of his own free will. The plea agreement does not contain any reference to Bennett's co-defendant being released from custody as a condition of the guilty plea. Additionally, Bennett informed the court that no promises were made to induce him into pleading guilty. Based on the totality of the circumstances, we conclude that the district court correctly found that appellant's plea was validly entered.

Ex. 70, at 2 (#17). The court has reviewed the written plea agreement and the transcript of the change-of-plea hearing. The written plea agreement informed petitioner that the prosecution was

free to argue for an appropriate sentence. Ex. 32, at 12 (#16). The agreement also informed petitioner that the court was not bound by the agreement and that the court solely would determine petitioner's sentence. Id., at 13. Nowhere in the written plea agreement, either in print or in handwritten addenda, is there a mention that petitioner's wife would be released. At the hearing, the court reviewed the possible sentences and fines for all counts, and the court informed petitioner that he could be facing $835,000 in fines and possible consecutive prison sentences of 198 years with a minimum parole eligibility after 80 years. Ex. 33, at 38-39 (#16). The court also made certain that petitioner knew that sentencing was the court's decision. Id., at 40. In general terms, the state district court questioned petitioner about the consequences of this plea and made sure that petitioner understood what he was doing. The court then swore petitioner in, and petitioner testified what he did for each count to which he was pleading guilty. Id., at 46-51. Regarding petitioner's argument that he was promised that his wife would be released if he pleaded guilty, respondents make a cogent point: Petitioner pleaded guilty after observing the state court's canvass of his wife's plea. The court informed Martin that she was facing possible consecutive prison sentences of 166 years with a minimum parole eligibility after 66 years. Id., at 18. The court also mentioned that the sentences could run concurrently or that she could receive probation. Id., at 18-19. The court ensured that Martin knew that nobody had made any promises to her for her plea of guilty and that her attorney did not make any guarantees of the outcome. Id., at 23. If, as petitioner claims, his wife's release was part of the bargain, then he knew even before he pleaded guilty that the bargain was broken. The state district judge's conclusion that he did not believe petitioner was reasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2). The conclusions of the state courts that petitioner was not coerced into pleading guilty is a reasonable application of Brady. 28 U.S.C. § 2254(d)(1). Ground 2(p) is without merit.

      The parts of ground 2(q) that do not involve Voorhees' decision not to file a motion to suppress are claims that Voorhees failed to investigate the prosecution's case against petitioner, failed to interview the witnesses that petitioner had identified, and failed to inform the court of the promises that Sexton, his wife's attorney, made to him to induce his plea of guilty. The court's disposition of ground 2(p) also disposes of this last claim. As for the claims that counsel failed to

investigate the case and failed to interview witnesses, petitioner raised them in ground 1 of his state habeas corpus petition. Ex. 66A, at 2 (#17). The state district court held:

> Ground one fails to allege specific facts. Petitioner does not show how interviewing a witness or investigating the case further would have changed the outcome. Further, Petitioner does not show how this would have resulted in his not entering a guilty plea. Petitioner has failed to show any prejudice.

Ex. 87, at 8 (#17-33). The Nevada Supreme Court affirmed this decision. Ex. 117, at 1-2 (#18). As with the other claims of ineffective assistance of counsel, petitioner did not allege in state court any facts to support his claims. Noteworthy in this particular claim is that petitioner had advance notice of what he needed to allege. At a hearing before trial started, petitioner said that he had provided a list of thirteen witnesses to his counsel. Ex. 30A, at 18 (#16). Some would testify that they broke into petitioner's room to produce the forged documents and obtain child pornography, or some would testify that they observed other people do that. Id., at 19. However, counsel noted that he had never received any such list. Id., at 27. He also noted that when asked, petitioner could give him only one name and no address for that person. Id. Petitioner at the hearing described who these witnesses would be and what their testimony would be. Id., at 20-26. The court decided that the trial would proceed, but the court told petitioner that in a petitions for a writ, petitioner would need to allege who the witnesses were and what they were going to say. Ex. 30A, at 29 (#16). Petitioner knew what he needed to allege in his petition, and yet he still did not. Respondents also note, and the court agrees, that petitioner still has not alleged who these witnesses are and what their testimony would have been. The state-court decisions were reasonable applications of Strickland. 28 U.S.C. § 2254(d)(1).

In ground 2(r), petitioner claims that Roth, his attorney at sentencing, provided ineffective assistance because Roth did not investigate any evidence to mitigate his sentence, did not obtain petitioner's criminal history, and did not argue that petitioner has no prior felony convictions. The last two claims are belied by the record. Roth did read through the pre-sentence investigation report and did argue that petitioner only had one prior misdemeanor conviction. Ex. 41B, at 99-102 (#16). Roth even argued that the court should give petitioner credit for time served in pre-trial detention on another case that had been dismissed. Id., at 102-03. Regarding the mitigating evidence, petitioner

raised the claim in ground 2 of his state habeas corpus petition. He alleged only, "failure to argue mitigating facts at sentencing." Ex. 66A, at 2 (#17). The state district court held:

> Ground two also failed to allege specific facts. The claim fails to provide facts showing how challenging search and seizure would have changed the result. Similarly, Petitioner fails to show how denial of the preliminary examination or arguing mitigating facts at sentencing would have changed the result. Petitioner has failed to show any prejudice with respect to this claim.

Ex. 87, at 8 (#17). The Nevada Supreme Court affirmed. Ex. 117, at 1-2 (#18).

The Supreme Court of the United States has not clearly established a right to effective assistance of counsel at sentencing in non-capital cases. Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006). Therefore, the Nevada Supreme Court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law. Carey v. Musladin, 549 U.S. 70, 77 (2006); 28 U.S.C. § 2254(d)(1). Ground 2(r) is without merit.[5]

Petitioner has submitted a motion to correct, vacate, or modify court's order (#47). Petitioner's argument about the date when the reply is due is mooted by the filing of his reply (#48). Petitioner's also argues that the court should not have denied his request for subpoena duces tecum (#42) without first considering his reply to the motion (#46). The court denied the request because petitioner appeared to request the subpoenas in support of a non-existent claim pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Petitioner's reply (#46) was not timely, even taking time for mailing into account. LR 7-2. Moreover, the reply (#46) would not change the court's conclusion. Petitioner argued that he needed the subpoenas to find information to support his claim that Voorhees provided ineffective assistance when he declined to file a motion to suppress. However, the issue before this court was whether the state-court determination on that clam was a reasonable application of Strickland. This court's review is limited to the record that was before the state courts. Cullen v. Pinholster, 131 S. Ct. 1388 (2011). As noted above, petitioner did not present the

---

[5] Even if there was a clearly established right to effective assistance of counsel at sentencing in non-capital cases, the state-court determinations would have been reasonable applications of that law. As with almost all of his other grounds, petitioner failed to allege any facts in support of his claim that could show that counsel performed deficiently and that petitioner suffered prejudice.

-10-

state courts any facts in support of his claim, and thus the state courts reasonably denied his claim. Providing extra information to this court would not change this court's conclusion.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner admitted that he had not exhausted most of the grounds that the court dismissed as unexhausted. Even the grounds that he did argue were exhausted lacked merit. In denying his motion to stay the action, the court noted that none of the unexhausted grounds had any potential merit. Order (#34). Reasonable jurists would not find this conclusion to be debatable or wrong. Having reviewed its determinations on the remaining grounds, the court concludes that reasonable jurists would not find any of those determinations to be debatable or wrong. Petitioner did not provide any factual support in state court for most of the grounds that the court has denied, and the record before the state courts have made indisputable their determination that his guilty plea was not coerced. The court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion to correct, vacate, or modify court's order (#47) is **DENIED**.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (#6) is **DENIED**. The clerk of the court shall enter judgment accordingly.

///

///

///

1   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

2   Dated: This 15th day of October, 2013.

```
                                        ROBERT C. JONES
                                        Chief United States District Judge
```